IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Bernard Sernas,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>    Respondents. | No. CV-14-0954-PHX-DJH (DKD)<br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE DIANE J. HUMETEWA, U. S. DISTRICT JUDGE:

  Adam Bernard Sernas filed a Petition for Writ of Habeas Corpus on May 5, 2014, challenging his conviction in Maricopa County Superior Court for the murder of Jessica Gallardo. His habeas petition raises three claims: erroneous jury instructions, ineffective assistance of counsel, and improper admission of testimonial reports. As explained below, the Court recommends that Sernas' petition be denied and dismissed with prejudice.

## BACKGROUND

  A Maricopa County Superior Court jury found Sernas guilty of second degree murder, a class 1 dangerous felony. (Doc. 9, Ex. E) On April 29, 2005, the Court sentenced Sernas to an aggravated sentence of 22 years. (*Id*.) Sernas' timely appeal argued that the trial court should have provided a jury instruction on the lesser-included offense of manslaughter and should have excluded a statement under Arizona Rule of Evidence 404(b). (Doc. 9, Exs. A, H) On April 10, 2006, the Arizona Court of Appeals

disagreed and affirmed his conviction and sentence. (*Id*.) Sernas' petition to the Arizona Supreme Court for review was denied on November 8, 2006. (*Id*.) Sernas did not file a petition for a writ of certiorari to the United States Supreme Court.

On November 28, 2006, Sernas filed a Notice of Post-Conviction Relief in the Maricopa County Superior Court. (Doc. 9, Ex. B) At the conclusion of briefing in Sernas' post-conviction proceeding, the Court concluded that Sernas failed to raise a colorable claim and dismissed his post-conviction relief proceedings on January 15, 2008. (Doc. 9, Exs. C, I) Sernas did not move for reconsideration or attempt to appeal.

On September 19, 2012, Sernas filed a Notice of Post-Conviction Relief in the Maricopa County Superior Court and a Memorandum In Support of Pro-Se Petition for Post-Conviction Relief ("2012 Rule 32 proceedings"). (Doc. 9, Exs. D, J) In his Notice and Memorandum, Sernas argued error in his jury instructions, ineffective assistance of counsel, and improper admission of testimonial reports in violation of his right to confront witnesses. (*Id*.) He also argued that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), and *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009), constituted significant changes in the law that, if applied retroactively to his case, would probably affect the outcome of his conviction or sentence. (*Id*.) On October 10, 2012, the Court dismissed his Notice after finding that his claims could not be raised in an untimely and successive Rule 32 proceeding, and that *Martinez* did not apply to Sernas or proceedings in State court. (Doc. 9, Ex. E) On November 8, 2012, Sernas petitioned the Arizona Court of Appeals for Review. (Doc. 9, Ex. F) The Court of Appeals granted review and denied relief in a memorandum decision filed on January 15, 2014. (Doc. 9, Ex. G) Sernas did not move for reconsideration or petition for review of this decision. (*Id*.)

On May 5, 2014, Sernas filed a Petition for Writ of Habeas Corpus in this Court raising the same three arguments that he raised in his 2012 Rule 32 proceedings: error in his jury instructions, ineffective assistance of counsel, and improper admission of testimonial reports in violation of his right to confront witnesses. (Doc. 1) Respondents contend that his Petition is untimely. The Court agrees that his Petition is untimely and,

further, that he is not entitled to tolling. Accordingly, the Court recommends that this Petition be denied and dismissed with prejudice.

**Sernas' Petition for Habeas Relief is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts. 28 U.S.C. § 2244(d)(2).

On November 8, 2006, the Arizona Supreme Court denied Sernas' petition for review. Accordingly, his conviction became final on January 26, 2007, when the time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *Gonzalez v. Thaler*, 565 U.S. ___, 132 S.Ct. 641, 653-54 (2012). However, on November 28, 2006, Sernas timely filed a Notice for Post-Conviction Relief which initiated a tolling period. *Isley v. Arizona Dep't. of Corrections*, 383 F.3d 1054, 1056 (9th Cir. 2004) (tolling starts on the date that a Notice is filed under Rule 32 for purposes of 28 U.S.C. § 2244(d)(2)).

On January 15, 2008, the Superior Court dismissed Sernas' post-conviction relief proceedings. This means that he had to petition the Arizona Court of Appeals for review by February 19, 2008. Ariz. R. Crim. P. 1.3(a), 32.9(c). For over four years after the Superior Court dismissed his post-conviction relief proceedings, Sernas did not have any proceedings pending in the State courts or in this Court. Accordingly, his one year timeframe expired and, once expired, it could not be revived by subsequent filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling from untimely state post-conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"). Thus, Sernas' Petition is untimely.

**Sernas is Not Entitled to Tolling.**

Sernas' Petition should be denied as untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Sernas must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petitions. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Sernas acknowledges that he filed Notices for Post-Conviction relief in 2012. (Doc. 13 at 2) However, he never attempts to explain why he abandoned his post-conviction proceeding after the January 15, 2008 Superior Court dismissal, why he waited over four years between the dismissal of his first post-conviction proceeding and the initiation of his second post-conviction proceeding, or why he waited over six years between the dismissal of his first post-conviction proceeding and the filing of his habeas petition in this Court. (*Id*. at 3)

Instead, similar to his 2012 Rule 32 proceedings, he seems to argue that *Martinez* and *Melendez-Diaz* are changes in the law that entitle him to file an untimely petition under Arizona Rules of Criminal Procedure 32.1(f) and 32.3(b). (Doc. 13 at 2, 4) This argument is unavailing. First, *Martinez* does not address the limitations bar in Section 2244(d)(2) and it does not excuse an untimely habeas petition. *E.g., Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014); *Marshall v. Ryan*, 2014 WL 710954, at *5 (D. Ariz. Feb. 25, 2014); *Moreno v. Ryan*, 2014 WL 24151, at *5 (D. Ariz. Jan. 2, 2014). Second, *Melendez-Diaz* has not been made retroactive by the U.S. Supreme Court or the Ninth Circuit. *Meras v. Sisto*, 676 F.3d 1184, 1188 (9th Cir. 2012). But even if *Melendez-Diaz* had restarted Sernas' one year clock, this argument still fails. The *Melendez-Diaz* opinion was issued on June 25, 2009, Sernas did not raise this argument until more than three years later in his 2012 Rule 32 proceedings, and his alleged ignorance of this case does not entitle him to tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

**IT IS THEREFORE RECOMMENDED** that Adam Bernard Sernas' Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

Dated this 15th day of April, 2015.

David K. Duncan
United States Magistrate Judge