NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adam Bernard Sernas,<br><br>   Petitioner,<br><br>v.<br><br>Charles L. Ryan and Attorney General of the State of Arizona,<br><br>   Respondents. | No. CV-14-00954-PHX-DJH<br><br>**ORDER** |

This matter is before the Court on *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R&R") by United States Magistrate Judge David K. Duncan (Doc. 14). Magistrate Judge Duncan recommended denial of this Petition as untimely, and he further found that Petitioner was not entitled to equitable tolling. Petitioner timely filed objections to the R&R. (Doc. 17). Respondents filed none.

**I. Background**

In the R&R, the Magistrate Judge accurately and fully set forth the procedural background of this case. The Court need not repeat the same herein, especially given that Petitioner is not objecting to any of the Magistrate Judge's recitation of the background. *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection.") Likewise, because Petitioner's

objections are framed strictly in terms of the Magistrate Judge's findings and analysis of equitable tolling, the Court will limit its review accordingly.

## II.  R & R

In discussing the possibility of equitable tolling, the Magistrate Judge construed Sernas' Petition as arguing, much like Sernas did in his 2012 Rule 32 State Court proceedings, that *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) and *Melendez-Diaz v. Massachusetts*, 5523 U.S. 305 (2009), "are changes in law that entitle him to file an untimely petition under Arizona Rules of Criminal Procedure 32.1(f) and 32.3(b)."  (Doc. 14 at 4:14-16) (citation omitted).  The Magistrate Judge found this argument "unavailing" for two reasons:  (1)  "*Martinez* does not address the limitations bar in Section 2244(d)(2) and it does not excuse an untimely habeas petition[;]" and (2) "*Melendez-Diaz* has not been made retroactive by the U.S. Supreme Court or the Ninth Circuit."  (*Id*. at 4:17-22) (citations omitted).

Continuing, the Magistrate Judge further found that "even if *Melendez-Diaz* had restarted Sernas' one year clock, this argument still fails."  (*Id*. at 4:22-23).   It fails, explained the Magistrate Judge, because *Melendez-Diaz* "was issued on June 25, 2009," yet "Sernas did not raise this argument until more than three years later in his 2012 Rule 32 proceedings, and his alleged ignorance of this case does not entitle him to tolling." (*Id*. at 4:24-28) (citing *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling")).

## III.  Standard of Review

This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner is objecting.  28 U.S.C. § 636(b)(1)(C); *see also* Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same).  This means that in the present case the Court must consider *de novo* the Magistrate Judge's finding and Petitioner's objections thereto that Petitioner is not entitled to equitable

tolling. In undergoing this review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed.R.Civ.P. 72(b)(3).

**IV. Analysis**

Petitioner objects to the R&R's findings and analysis with respect to *Martinez* and *Melendez-Diaz*. Despite what the Magistrate Judge found, Petitioner asserts *Martinez* entitles him to "equitable tolling of any 'untimely' period[.]" (Doc. 17 at 4). Petitioner similarly asserts, again contrary to the Magistrate Judge's finding, that *Melendez-Diaz* entitles him to equitable tolling. (*Id.*). Petitioner has been unsuccessfully making these arguments since at least August 30, 2012 in post-conviction State Court proceedings. (Doc. 9-2 at 9). Petitioner's arguments gain nothing by repetition. This is especially so given that parts of Petitioner's objections discussing *Martinez* and *Melendez-Diaz* are identical to those raised in his Limited Traverse and soundly rejected by the Magistrate Judge in the R&R. *Compare* Doc. 13 (2-3; and 4 at ¶ 1)) *with* Doc. 17 (2-3; 4 at ¶ 1)); and at 5 at ¶ (D)). Differently put, Petitioner is not expanding his objections beyond those already soundly rejected in the R&R.

As he has done since at least August 30, 2012, Petitioner continues to assert that once he learned of *Melendez-Diaz*, he diligently pursued his rights thereunder. (Doc. 17 at 4). Of course, Petitioner's assertion overlooks the Magistrate Judge's conclusion (to which Petitioner did not object) that "*Melendez-Diaz* has not been made retroactive by the U.S. Supreme Court of the Ninth Circuit[,]" (Doc. 14 at 4:21-22) (citing *Meras v. Sisto*, 676 F.3d 1184, 1188 (9th Cir. 2012)). Thus, it is simply irrelevant whether Petitioner was diligent in pursuing his rights thereunder. What is more, although Petitioner admittedly is "unsophisticated in the law[]" for a variety of reasons (Doc. 9-2 at 9), as the Magistrate Judge also soundly reasoned, without more, that is not "an extraordinary circumstance warranting equitable tolling." *See Rasberry*, 448 F.3d at 1154.

Having found no merit to Petitioner's objections,

**IT IS ORDERED** that Magistrate Judge Duncan's Report and Recommendation

- 3 -

(Doc. ) is **accepted** and **adopted** as the Order of this Court.  Petitioner's Objections (Doc. 17) are overruled.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are denied because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** that the Clerk of the Court shall terminate this action and enter judgment accordingly.

**Dated** this 16th day of June, 2016.

_____
Honorable Diane J. Humetewa
United States District Judge